IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTMORELAND OPPORTUNITY FUND, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD A. ZAPPALA, RANK J. ZAPPALA and RONALD A. ROSENFELD, <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 13-456 |

## **MEMORANDUM ORDER**

Presently before the Court are a Motion to Dismiss filed by Defendants, Richard A. Zappala, Rank J. Zappala and Ronald A. Rosenfeld, (Docket No. [9]), their Brief in Support (Docket No. [10]), and Plaintiff Westmoreland Opportunity Fund, LLC's Brief in Opposition to Defendants' Motion to Dismiss (Docket No. [17]). Upon consideration of these submissions, the allegations in Plaintiff's Complaint (Docket No. [1]), and the attachments to Plaintiff's Complaint, including: the Open-End Mortgage Note (Exhibit "A"); the Open-End Mortgage and Security Agreement (Exhibit "B"); Principals' Indemnification Agreement (Exhibit "C"); Environmental and Accessibility Indemnity Agreement (Exhibit "D"); and Correspondence dated January 7, 2013 (Exhibit "E"), the Court construes Plaintiff's Brief in Opposition as a motion to amend its Complaint and will grant Plaintiff leave to file an Amended Complaint by the deadline set forth below.

As the parties acknowledge, it is Plaintiff's burden to demonstrate that the diversity jurisdiction of this Court is appropriately exercised under 28 U.S.C. § 1332(a)(1) by pleading sufficient facts from which the Court can determine that the parties are completely diverse and that the amount in controversy is in excess of the statutory threshold of $75,000.00. *See* U.S.C. §

1

1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-(1) citizens of different States"). Having fully considered the matters in dispute between the parties, the Court will grant Plaintiff leave to amend its Complaint to plead additional facts which may establish that all of the requirements of § 1332(a)(1) are satisfied. In reaching this decision, the Court briefly notes the following.

First, with respect to the challenged amount in controversy, the Court finds that Plaintiff has argued additional facts in its opposition brief which are not pled in its Complaint in contravention of Third Circuit precedent. *See Dongelewicz v. PNC Bank Nat'l. Ass'n.*, 104 F. App'x 811, 819 n.4 (3d Cir. 2004) (quoting *Williams v. New Castle County*, 970 F.2d 1260, 1266 n.4 (3d Cir. 1992)) ("'a contention in a brief' 'clearly … may not' be used to 'substitute for an allegation in a complaint.'"). To this end, Plaintiff avers that the attorneys' fees and costs it seeks in this action exceed $75,000.00 but has not pled any specific amount of same or that the fees and costs exceed $75,000.00. (*See* Docket No. 17 at 3, n.1, 9-10, n.6). Therefore, the Court may not consider these additional facts when ruling on the instant motion to dismiss and the interests of judicial economy dictate that the Court should not undertake such an inquiry without having all of the well-pleaded facts properly set forth in an Amended Complaint. *See Dongelewicz*, 104 F. App'x at n.4.

Second, although not raised by the parties, the Court *sua sponte* questions whether complete diversity of the parties has been properly pled in this case in light of Third Circuit decisions examining the citizenship of limited liability companies for diversity purposes. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *see also Lucier v. SmithKline Beecham Corp.*, --- F.3d ----, 2013 WL 2456043, at *8 (3d Cir. Jun. 7, 2013). In this

regard, Plaintiff has pled that it is a Pennsylvania limited liability company that operates in Monroeville, Pennsylvania, facts which may be sufficient to demonstrate the citizenship of a corporation for diversity purposes. (Docket No. 1 at ¶ 1). However, in light of *Zambelli Fireworks*, "the citizenship of an LLC is determined by the citizenship of its members," as opposed to the test used to evaluate the citizenship of corporations. *Zambelli Fireworks*, 592 F.3d at 420. Here, Plaintiff has failed to plead the citizenship of any of its members and therefore has failed to demonstrate that its citizenship is diverse from Defendants, who are individuals domiciled in the State of Florida and the Commonwealth of Virginia. (*See* Docket No. 1 at ¶¶ 1-5). Thus, the Court cannot determine whether diversity jurisdiction has been properly invoked by Plaintiff at this time and Plaintiff will be granted leave to file an Amended Complaint setting forth the citizenship of all of its members.

For these reasons,

IT IS HEREBY ORDERED that Plaintiff shall file its Amended Complaint by **August 5, 2013 at 12:00 p.m.**

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss [9] is DENIED, without prejudice.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Court

Date:   July 22, 2013

cc/ecf:  All counsel of record.