# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTMORELAND OPPORTUNITY FUND, LLC, | ) ) ) |
| Plaintiff, | ) Civil Action No. 2:13-cv-00456 ) |
| v. | ) U.S. District Judge Mark R. Hornak ) |
| RICHARD A. ZAPPALA, et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

**Mark R. Hornak, United States District Judge**

Confronted with cross-motions for summary judgment[1] on the question of the existence and scope of personal guaranties relative to an indemnification and related agreements involved in a commercial real estate transaction, Judge Nora Barry Fischer of this Court entered summary judgment as to certain matters against the Defendants and in favor of the Plaintiff. ECF No. 75.

In its detailed summary judgment Opinion, ECF No. 74[2], the Court concluded that the relevant indemnification documents were not inconsistent or ambiguous, and that the indemnification agreement at issue rendered the Defendants subject to full recourse liability for alleged violations of Sections 22(b)(vii) and (xix) of a related mortgage. That Opinion specifically left for another day the question of whether that personal liability had been triggered as alleged by Plaintiff.

---

[1] Which the parties requested be filed early on in the case. ECF Nos. 32 and 33. By her Order of December 5, 2013, Judge Fischer provided for full briefing with ample preparatory time, along with oral argument. ECF No. 33.

[2] Reported at 2014 WL 3420129 (W.D. Pa. July 11, 2014).

Now, with new counsel[3], the Defendants have moved to alter or amend that judgment, asserting to the Court that in essence, the Court dropped the ball[4], and that the grant of summary judgment should be vacated because it rested on clear error. ECF No. 80. For the reasons which follow, that Motion is denied. The Plaintiff's Motion to Strike the Motion to Alter or Amend the Judgment, ECF No. 88, will be denied without prejudice as moot, and its Motion for Leave to File a Second Amended Complaint, ECF No. 101, will be granted.

As to the Plaintiff's effort to amend their Complaint again, when the Motion to File a Second Amended Complaint was originally presented to the Court, it was denied without prejudice, given the pendency of the potentially case-dispositive dueling summary judgment motions. ECF No. 70. Based on where this case now stands, the Court can divine no specific undue prejudice to any party in allowing that amendment, particularly since further discovery had been put on hold during the pendency of the summary judgment cross motions before Judge Fischer, and of these motions before this Court. Further, in light of this Court's disposition of the pending Motions to Alter or Amend the Judgment and to Strike that Motion, the Court is not in a position to conclude, as a matter of law, that the claims asserted in the proposed Second Amended Complaint are futile. That is not to say that the Plaintiff will have a winner on the "new" allegations (or the "old" ones, for that matter), but only that they do not facially fail at this stage of the proceedings. Thus, under prevailing Circuit law, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F. 3d 247 (3d Cir. 2007), this Court's grant of such leave to

---

[3] Which apparently resulted in Judge Fischer's recusal and the eventual assignment of this action to this member of the Court.

[4] Defendants appear to contend that the Court was only induced to do so by the vigorous advocacy of counsel for all the parties, ECF No. 110 at 17, and that in essence, it should not have succumbed to their entreaties to address the threshold legal issue of contractual meaning via the cross-motions for summary judgment route. ECF No. 110 at 23. The record also appears to reveal that both parties had a full opportunity to advise the Court prior to oral argument if they needed to go beyond the four corners of the contract documents, in which case the Court stated that it would have denied the cross-motions without prejudice and proceeded into discovery. ECF No. 110 at 42; *see* ECF No. 74 at 4, note 3.

amend is proper (if not essentially required at this procedural stage), and the Plaintiff's effort to do so now does not appear to implicate the "wait and see" limitation on that principle. *See Cureton v. NCAA*, 252 F.3d 267, 272-75 (3d Cir. 2001).

Disposition of the Defendants' Motion to Alter or Amend the Judgment is governed by a time-honored standard applicable to motions for reconsideration, which is what the Defendants' Motion actually is. The Court's summary judgment Order may be "altered" or "amended", or as requested, vacated, only if there are new facts, or new law, or if the Court committed a manifest error. *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F. 3d 669 (3d Cir. 1999). Neither party disputes that this is the applicable rule of decision, ECF Nos. 81 at 9, 90-1 at 3, nor points to any new facts, or even a newly-applicable or newly-available legal rule. Instead, the Defendants argue, in essence, that if only the Court had a better/deeper/more thorough understanding of how real estate financing deals "worked," ECF No. 81 at 2, it would have come out the other way, and granted the Defendants' summary judgment motion (or, at least, denied the Plaintiff's Motion).

First, at all times in this case, the Plaintiffs and the Defendants alike have been represented by highly experienced legal counsel, so any more thorough "educating" of the Court certainly could have been done in the context of the original Motion papers filed by the parties and at the oral argument that was conducted on the summary judgment motions. In their moving papers now before the Court, and at oral argument here, Defendants did not point to any obstacle or impediment that had been placed before them limiting them from putting their best foot forward when all of this was teed up for disposition by Judge Fischer[5], which the docket reveals

---

[5] Plaintiff argues that the Court should not even take these matters up, since under Judge Fischer's Chambers Rules, any Motion for Reconsideration must be filed within seven (7) days for the Order at issue. ECF No. 89 at 3. While there may be a certain facial logic to such a position, in that one could say that this Court is now for these reconsideration purposes "Judge Fischer," in the circumstances, the Court believes that the broader directive of Fed. R. Civ. P. 54 that authorizes a Court to revisit any non-final judgment provides the better and fairer course given the

occurred only after detailed and thorough engagement between all counsel and the Court. The procedures used came as no surprise to any party or their lawyers, and were certainly in keeping with sound principles of case administration. *See* ECF No. 70.

On top of that, the Court's approach of honoring the parties' suggestion and getting right down to business in considering and then deciding early on what the parties advised was a controlling question of law was in keeping with the direction of Fed. R. Civ. P. 1 that all actions be administered so as to foster their "just, speedy, and inexpensive determination". This Court's examination of the record does not reveal some newly-recognized legal or analytical principle that was not available at the time the original summary judgment papers were filed by all parties, and then argued to Judge Fischer. On that ground alone, this Court believes that it would be proper to deny the Motion to Alter or Amend the Judgment. *Cureton*, 252 F.3d at 273.

Moving past that, however, the key point is that just as the Court noted in its Opinion, ECF No. 74, when a Court is asked to consider the duties and obligations alleged to arise from the language of a contract, it is the language of the contract that is the focal point of the analysis. A review of the two (2) Opinions in this case, ECF Nos. 24, 74, demonstrates that the Court placed, and then kept, its judicial eye on that very ball. It also had before it the Defendants' now-renewed request that it consider four (4) submitted declarations. The Court then declined to do so, but it also entered an Order that provided that in the event it determined the contractual language to be ambiguous, rather than considering such declarations, it would enter a further Order setting discovery on such matters. ECF No. 70. No party sought such discovery, and the Court specifically addressed the issue of asserted ambiguity in its Opinion.

---

cases reassignment. Further, to the extent that considering these Motions *vel non* rests with the discretion of the Court, I conclude that the prudent course is to address them as set forth in this Memorandum Opinion.

This Court has carefully examined the Opinion which resolved the issues before it in the cross-motions for summary judgment, ECF No. 74, which itself noted that many of the arguments made then by the Defendants had also been made in a prior Motion to Dismiss, and they are certainly restated here, albeit with enhanced vigor. Contrary to the assertions in the Defendant's Motion to Alter or Amend Judgment, the Court carefully considered the contractual language at issue here, and specifically considered and then ruled upon the principal arguments of the Defendants regarding what they say are inconsistencies and/or ambiguities in the language of the operative provisions of the relevant indemnity agreement, and related documents. *See Westmoreland Opportunity Fund, L.L.C. v. Zappala*, No. 13-456, 2014 WL 3420129, at *4, 6-9 (W.D. Pa. July 11, 2014). This Court cannot and does not conclude that the conclusions reached by the Court in resolving the cross-motions for summary judgment were error at all, let alone "manifest error"[6].

For the reasons stated, the Defendants' Motion to Alter or Amend Judgment is denied without prejudice, the Plaintiff's Motion to Strike is denied without prejudice as moot, and the Plaintiff's Motion for Leave to File a Second Amended Complaint is granted. An appropriate Order will enter.

s/ Mark R. Hornak
Mark R. Hornak
United States District Judge

Dated: September 30, 2015
cc: All counsel of record

---

[6] At oral argument on these Motions, the Court inquired of Defendants' counsel as to whether their argument really was that there was a drafting error or "mistake," in that the contractual inconsistency/ambiguity they were asserting appeared to the Court to boil down to a position that the reference to "Section 22" in the third paragraph of the indemnification agreement (referred to in this case as the "PIA") really should have been a reference to "Section 22(a)." The Defendants specifically disclaimed any argument based on "mistake". *See* ECF No. 110 at 15 (". . .not at all"). Arguably, a position seeking contract reformation based on the doctrine of mistake (mutual or unilateral) might have had more vitality than a reconsideration argument that the Court simply needed to know more about, and then consider, the nuances of the world of complex real estate financing deals before ruling. *See Bank of New York v. Bates*, No. 13-690, 2015 WL 1443282, at *9 (M.D. Pa. March 30, 2015).