# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTMORELAND OPPORTUNITY FUND, LLC, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 2:13-cv-00456<br>) |
| v. | ) U.S. District Judge Mark R. Hornak<br>) |
| RICHARD A. ZAPPALA, et al., | )<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

**Mark R. Hornak, United States District Judge**

The Defendants have filed a Motion to Dismiss the Second Amended Complaint, ECF No. 114, along with supporting briefs, ECF Nos. 115, 117. The Plaintiff opposes that Motion. ECF No. 116. The Defendants contend that the Second Amended Complaint, ECF No. 113, fails to plead plausible claims for relief, principally because the core paragraphs of that pleading, Paragraphs 55 and 64, are conclusory in nature and therefore legally insufficient. They also assert that the Plaintiff broke the rules by filing a Second Amended Complaint that was not a mirror image of the proposed pleading that was attached to the Plaintiff's operative Motion for Leave to file a Second Amended Complaint.

The Plaintiff responds by saying that the Second Amended Complaint is sufficiently specific, and that the Defendants in any event know all about what the allegations of liability and damages are given the robust record developed in summary judgment proceedings before Judge Nora Barry Fischer and before this Court. They say that while the Second Amended Complaint is not exactly what was proposed when leave to file it was sought more than a year ago, the differences are not sufficiently material to create a problem.[1]

---

[1] Of note, the briefs filed as to this Motion contain mutual finger pointing and recitations of seemingly immaterial assertions about the motives of the litigants and the lawyers. None of that has anything to do with the disposition of the pending Motion to Dismiss, and has no bearing on the Court's disposition of these matters.

First, the Court concludes that the Defendants' arguments relative to the inadequacy of the Second Amended Complaint are to a limited extent well-taken. While it is plain to the Court that all of the lawyers and likely most (if not all) of the litigants know exactly what this case is all about in terms of the claims and defenses of the parties and the factual predicates of these arguments, that is not the standard for evaluating the adequacy of a principal pleading. In particular, the essential, operative paragraphs of the Second Amended Complaint, Paragraphs 55 and 64, are conclusory, and essentially make either generalized allegations or simply recite what are alleged to be the relevant provisions of an involved agreement.

On the one hand, contrary to the position of the Defendants, a plaintiff need not plead raw evidence, nor every nook and cranny of its case. That is especially the case here where an uncommonly hefty factual record has been developed in earlier proceedings in the case. By the same token, federal civil pleading requires sufficient specificity to both provide notice of the nature of a claim or defense to the opposing party, but also a basis for the Court to both assess the plausibility of such matters and to understand and then patrol the contours of the case as the litigation unfolds.[2] The Second Amended Complaint misses the mark as to the allegations of those two referenced Paragraphs.

From the Court's perspective, contrary to the assertions of the Plaintiff, ECF No. 116 at 13, neither the Court nor a defendant is required or expected to engage in a scavenger hunt through a record consisting of hundreds if not thousands of pages to identify the information that would flesh out a pleading. That is the job of the pleader. Thus, even though it may well be that the Defendants' Motion and supporting arguments doth protest too much that they do not know

---

[2] The Plaintiff is simply incorrect when it intimates (or more accurately, comes out and says) that "surprise" is part of federal civil practice. ECF No. 116 at 12. Not since the adoption of the Federal Rules of Civil Procedure and their discovery provisions has that been the intended course of proceedings. Yes, surprises often occur in litigation, but that is not the plan.

2

the basis of the Plaintiff's claims given the extensive litigation of this matter to date,[3] in order for at least the Court to have a clear demarcation of the scope, extent, and essential bases of the claims and defenses going forward, the factual bases for the generalized allegations of Paragraphs 55 and 64 need to be set forth in greater and more specific detail.

Second, as to the issue of the Second Amended Complaint as filed being different than the form of that pleading attached to the Motion, the Defendants are correct that the better and more proper course would have been for the Plaintiff to re-file its Motion for Leave to Amend with the exact "new" version attached. The Plaintiff agrees. ECF No. 116 at 14. That said, the Court can discern exactly no prejudice to the Defendants from proceeding from where we are now, and given the stage of the case, the Court would have been virtually compelled to permit the filing of the version of the Second Amended Complaint that was filed if the Court had been asked to do so in advance.

The Motion to Dismiss is granted to the extent that the Second Amended Complaint is dismissed without prejudice for the reasons set forth in this Memorandum Opinion. Because the Court concludes that granting leave to amend would not be futile and is appropriate, the Plaintiff will be granted leave to file a Third Amended Complaint on or before January 6, 2016. Any response pursuant to Fed. R. Civ. P. 12 shall be filed within twenty-one (21) days thereafter.

                                                s/ Mark R. Hornak
                                                Mark R. Hornak
                                                United States District Judge

Dated: December 15, 2015
cc:    All counsel of record

---

[3] Defendants do know enough to describe the results of Plaintiff's position on the merits as "improbable," ECF No. 115 at 2.